UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Rappi and Phyllis Rappi,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Mayo Clinic,<br><br>　　　　　　Defendant. | Case No. 21-cv-2003 (KMM/ECW)<br><br>**ORDER** |

The above matter came before the Court on Defendant Mayo Clinic's Motion for Summary Judgment, dated July 27, 2023. [ECF No. 30.] The Plaintiffs Scott Rappi and Phyllis Rappi filed objections to the Motion. [ECF No. 38.] Following oral argument, the Court denied the Motion from the bench. [ECF No. 48.] The Court fully stated its reasoning on the record and now issues this brief Order to capture the ruling.

## I.　　**Legal Standard**

A party seeking summary judgment must demonstrate that "no genuine dispute as to any material fact" exist in order to be "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact that has the potential to influence the outcome of a matter is considered material. *Williams v. Medalist Golf, Inc.*, 910 F.3d 1041, 1045 (8th Cir. 2018). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pitman Farms v. Kuehl Poultry, LLC*, 48 F.4th 866, 875 (8th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *TCF Nat. Bank v. Mkt. Intel., Inc*., 812 F.3d 701, 707 (8th Cir. 2016). Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Gibson v. Am. Greetings Corp*., 670 F.3d 844, 853 (8th Cir. 2012) (internal quotation marks omitted).  Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *O'Reilly v. Daugherty Sys., Inc*., 63 F.4th 1193, 1196 (8th Cir. 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

II.   Analysis

A.  DePuy Release ("Release")

The first question in this dispute is whether the DePuy Release ("Release") bars the Rappis from pursuing this matter as a matter of law.  As explained at length during the hearing, the Court concludes that it does not.  According to the court in *Couillard*, "a plaintiff should not be compelled to surrender his claim for relief against a wrongdoer unless he has intentionally done so, or unless he has received full compensation for his claim."  *Couillard v. Charles T. Miller Hosp., Inc*., 92 N.W.2d 96, 102 (1958).

Here, the Rappis' intent to maintain their claims against Mayo Clinic is readily apparent from several areas of the Release, and it cannot credibly be inferred that they

2

either meant to release Mayo Clinic from liability or actually did so. Mayo Clinic also alleges that the language in the Release relating to the Rappis receiving compensation bars their lawsuit because the Rappis received sufficient consideration "for the damages [Mr. Rappi] suffered arising from DePuy's negligence." [Motion for Summary Judgment, ECF No. 32.] But, as discussed at the hearing, taken in the light most favorable to Mr. Rappi, the record reflects that the amount awarded in the DePuy settlement specifically excluded compensation for damages related to Mr. Rappi's infection. And the language of the Release discussing adequate compensation was specifically applicable to the releasing parties and simply cannot be read to foreclose the claim the Rappis clearly intended to hang on to.

### B. Damages from the Alleged Medical Negligence

Mayo Clinic also argues that the Rappis cannot distinguish any damages arising from the alleged medical negligence from the damages resulting from DePuy's defective product. [ECF No. 32.] However, there is in fact a material dispute about whether the Rappis can prove the required causal link and specifically identify the appropriate damages. Again, the *Coulliard* case is instructive on this point. Certainly, the case holds that the initial tortfeasor can be held accountable for all subsequent damages, including the unfortunate intervention of alleged malpractice. But it goes on to allow the plaintiff to pursue damages against the subsequent tortfeasor, permitting her to try to prove that she had not received "full compensation." Similarly, there is a genuine dispute here as to whether Mayo caused any damages through its mistake that are independent of those caused by the admittedly defective hip. There is also a material dispute about whether such

damages were already compensated. As it was in *Couillard*, 92 N.W.2d at 102, a trial is appropriate here.

**Accordingly, IT IS HEREBY ORDERED that** Defendant's Motion for Summary Judgment [ECF No. 30] is **DENIED**.

Date: November 6, 2023

              *s/Katherine Menendez*
              Katherine Menendez
              United States District Judge